MEMORANDUM **
Douglas Myser appeals the district court’s determination, after a bench trial, that he was not subjected to excessive force by the officers in this case. We affirm.
Myser faults the district court for having required him to prove subjective intent to strike his head against the floor, but we read the opinion differently. The court recognized that the inquiry is purely objective. It considered the Graham factors, Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), and concluded that an objective law enforcement officer in the position of the officers in this case could have concluded that Myser would not voluntarily leave the.bar, that he would not peacefully submit to their authority, that he was prepared to hurt them, and that it was necessary to resolve the standoff quickly. The court’s subsequent remark that the officers did not intend to strike Myser’s head against the floor was not part of this decision. Accordingly, we believe it was not meant to suggest that Myser’s proof fell short on this account and the comment is, therefore, harmless.
Myser also argues that the court erroneously expected him to show that the officers knowingly pushed his head into the carpet while he was on the floor. We take the court’s footnote to be responding to Myser’s contention that he was subjected to deadly force because “the deputies intentionally and repeatedly pushed his head into the carpet while he was on the floor” — not to be articulating a different standard by which the force that was actually administered (which did not include repeatedly pushing his head into the floor or striking him in the head) should be judged.
Finally, Myser submits that the use of force was severe as in cases such as . Smith v. City of Hemet, 394 F.3d 689 (9th Cir.2005), and Davis v. City of Las Vegas, 478 F.3d 1048 (9th Cir.2007). While the injury Myser suffered is undoubtedly unfortunate, the force applied was nowhere near the level of severity in Smith or Davis. Although the crime was not all that serious, the incident occurred in a crowded bar on Super Bowl Sunday, Mys-er was inebriated, refused to identify himself or leave voluntarily, resisted being escorted out, and assumed a fighting stance verbally and physically. When he could have cooperated with the officers, he didn’t. Given all the circumstances, the district court did not clearly err in finding that the use of force was not unreasonable. *630 Graham, 490 U.S. at 396-97, 109 S.Ct. 1865.
AFFIRMED.

 This disposition is not appropriate for publication' and is not precedent except as provided by 9th Cir. R. 36-3.